IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.1:18-cv-01641 –DDD-STV

DOUG BARRY,
MICHAEL KIERNAN,
PAUL MOLER,
NICHOLAS SOOTER,
LINDA SPUEHLER, and
DENNIS MAUSER

    Plaintiffs,
v.

WEYERHAEUSER COMPANY,
a Washington Corporation

    Defendant.

## PLAINTIFFS' MOTION TO HOLD WEYERHAEUYSER IN CONTEMPT FOR FAILURE TO COMPLY WITH ORDER OF JUNE 17, 2019 (DOC. 78) AND MOTION FOR SANCTIONS

Plaintiffs file this Motion to Hold Weyerhaeuser in Contempt for Failure to Comply with Order of June 17, 2019 (Doc. 78) and Motion for Sanctions and show as follows:

### PRELIMINARY STATEMENT

On June 17, 2019 (Doc. 78), this Court ordered Weyerhaeuser to "produce the depositions requested in Request for Production No. 11 on or before July 8, 2019." The depositions at issue consist of testimony given by "any current or former Weyerhaeuser employee, or expert witness retained by Weyerhaeuser, in any case related to formaldehyde off-gassing from Gen 4 joists." Weyerhaeuser does not dispute that such depositions took place or that such transcripts exist, but prefers to produce transcripts piecemeal and at some as-yet-undetermined time before the

1

deposition in this case of individuals who previously gave testimony. As of July 10, 2019, Weyerhaeuser has not produced responsive documents. Instead of producing these transcripts on July 8th and per the Court's order, Weyerhaeuser informed Plaintiffs that it would not provide copies of transcripts in its possession and that Plaintiffs were required to obtain certified copies from court reporters at Plaintiffs' expense. Weyerhaeuser should be held in contempt for refusing to obey the order of this court and its continued efforts to delay the progress of this case and obstruct the discovery process by its open defiance of the Court's June 17, 2019 Order and Weyerhaeuser's transparent attempt to impose an unnecessary expense on Plaintiffs.

## ARGUMENT

**1.    Weyerhaeuser's refuses to obey the Court's order.**

Weyerhaeuser objected to the production of deposition transcripts of employees from other Flak Jacket Gen 4 cases on the basis of relevance. The parties appeared before the Court on June 17, 2019 and after considering the Parties' briefing and arguments the Court ordered Weyerhaeuser to produce the requested deposition transcripts on or before July 8, 2019. In doing so the Court noted that the transcripts at issue were "clearly relevant." (Doc. 78; Doc. 79, 19:5-6). As the Court stated, "All I need them to do, produce the depositions pursuant to this order." (Doc. 79, 22:22-23). The Court imposed a deadline of July 8, stating "So that's three weeks. I think that's sufficient time to produce them." (Rec. 79, 23:21-22).

After the Court's ruling, Weyerhaeuser's counsel did produce a single responsive deposition transcript. Prior to the June 25th deposition of Weyerhaeuser's Director of Health and Safety, Frank Cereghini, Weyerhaeuser produced a copy of Mr. Cereghini's deposition taken in

another Flak Jacket case.[1] Weyerhaeuser's counsel simply emailed a pdf copy of the condensed version of the transcript to Plaintiffs' counsel.

On the Court's July 8 deadline, however, Weyerhaeuser refused to produce deposition transcripts in any form, in blatant contravention of the Court's Order. Weyerhaeuser waited until the afternoon of July 8th to send Plaintiffs' counsel proposed declarations relating to protective orders from other cases (including *Chi*, the other similar matter pending in the District Court of Colorado) which Weyerhaeuser claimed must be executed before Weyerhaeuser could produce deposition transcripts. Notably, no such claim was made by Weyerhaeuser prior to producing the Cereghini deposition from the *Chi* case. That said, and despite the obvious nature of this attempt to delay and further obfuscate discovery, Plaintiff signed and returned the declarations that afternoon.[2]

Weyerhaeuser then informed Plaintiffs' counsel, for the first time, that Weyerhaeuser would only send copies of transcripts after Plaintiffs submitted payment for certified copies. Again, this new demand was also not made prior to producing the Cereghini deposition. Plaintiffs responded they did not require certified copies and were satisfied with receiving electronic copies of transcripts in Weyerhaeuser's possession. On the afternoon of July 9th, Weyerhaeuser again refused to provide copies of depositions in its possession, claiming that it would instruct court reporters who had taken depositions to send responsive deposition transcripts only after Plaintiffs paid for certified copies. Weyerhaeuser claimed that the reason for requiring this unnecessary condition, which is ***nowhere*** in the Court's June 17 Order, is "to ensure that you receive complete

---

[1] That prior deposition was taken in *Chi, et al. v. Weyerhaeuser*, No. 1:17-cv-02230-CMA-MEH, in the United States District Court for the District of Colorado. Weyerhaeuser's Seattle counsel represents Weyerhaeuser in another Gen 4 case filed in Seattle by Plaintiffs' counsel. Plaintiffs' counsel agreed that the deposition of Mr. Cereghini would serve both the Seattle case and the instant case.

[2] The declarations came from only three cases. At the June 17 hearing, Weyerhaeuser's told the court that there were "many" depositions from "25 separate cases," and their production would be a "massive burden." (Doc. 79, 8:6-16.)

and accurate copies of the transcripts." Weyerhaeuser stated it would "direct the court reporter to expedite its shipment" of the transcript of Jack Winterowd (whose deposition is tentatively scheduled for July 17, 2019) and another Weyerhaeuser employee, Jeff Linville, once Plaintiffs confirmed the payment of $1,522.20 to the court reporter. As for the "many" depositions from other cases, Weyerhaeuser has stated it will provide Plaintiffs a complete listing of depositions "available for production and the pricing of each shortly."

Weyerhaeuser did not argue, and the Court did not order, that certified copies of depositions be produced, or that Plaintiffs pay for the costs of deposition transcripts already in the possession of Weyerhaeuser. The Court ordered Weyerhaeuser to "produce the depositions requested in Request for Production No. 11 on or before July 8, 2019." (Doc. 78). If responsive transcripts are in Weyerhaeuser's possession – and they clearly are, based on the production of the Cereghini transcript – Weyerhaeuser must produce them.

## CONCLUSION AND REQUESTED RELIEF

Plaintiffs have repeatedly conferred with Weyerhaeuser on the issue of production of prior depositions for months. Weyerhaeuser repeatedly refused to make a joint call to chambers to arrange a discovery hearing on the issue, compelling Plaintiffs' counsel to unilaterally call chambers. The Court heard the matter and issued an order, which Weyerhaeuser still refuses to obey. In addition to the fact that these transcripts are clearly responsive and discoverable, and in addition to the fact that this Court has *already ordered* Weyerhaeuser to produce them, Plaintiffs' receipt of these transcripts will only serve the streamline the discovery process. Without these transcripts Plaintiffs cannot possibly know what ground was already covered in prior depositions, leaving the potential for countless hours of wasted time and expense.

Even after Weyerhaeuser's initial refusal to produce deposition transcripts on July 8th, Plaintiff's counsel tried to confer with Weyerhaeuser, leaving phone messages and sending emails asking to set a time for a phone call. Plaintiffs' counsel received no response. Plaintiffs' counsel has complied with the Court's Standards in good faith but, given Weyerhaeuser's refusal to abide by the Court's order, has no choice but to file this Motion for Contempt to compel compliance with the Court's order.

Weyerhaeuser's instant refusal to comply with its discovery obligations is exemplary of a pattern that requires the Court's intervention. Weyerhaeuser twice sought to delay the Rule 16 scheduling conference in this matter without good cause. Weyerhaeuser sought to delay discovery until its Motion to Dismiss was resolved. Weyerhaeuser refused to produce a single document until four months after receiving Plaintiffs' requests for production. Weyerhaeuser requested a *Lone Pine* order months after the Court entered a scheduling order, necessitating briefing in opposition by Plaintiffs, only to withdraw that (baseless) motion at the hearing after counsel for Plaintiffs travelled from Houston and San Francisco to attend. Weyerhaeuser delayed providing deposition dates for the court-approved 30(b)(6) deposition, even after two hearings on the issue, until Plaintiffs filed another motion to compel. (Doc. 60). Weyerhaeuser has failed to cooperate and engage in discovery in good faith at every possible turn.

For the foregoing reasons, Plaintiffs ask the Court to hold Weyerhaeuser in contempt until it fully complies with the Court's order of June 17, 2019 (Doc. 78), and order the deposition of Jack Winterowd take place in Houston, Texas no later than September 1, 2019.

Plaintiffs seeks all costs and expenses associated with filing this motion as allowed by Fed. R. Civ. P. 37(5), and any other sanction the Court deems appropriate in light of Weyerhaeuser's abusive discovery practices as more fully described herein.

                SCHNEIDER WALLACE
                COTTRELL KONECKY WOTKYNS, LLP

By:  /s/ Ryan R. C. Hicks
      Ryan R. C. Hicks
      Email: rhicks@schneiderwallace.com
      3700 Buffalo Speedway, Suite 300
      Houston, Texas 77098
      Telephone: (713) 338-2560
      Facsimile: (866) 505-8036
      Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that this response was served on all counsel of record through the ECF system on July 10, 2019.

/s/ Ryan R. C. Hicks

## CERTIFICATE OF CONFERENCE

Pursuant to D.C. COLO. LCivR7.1(a), the Civil Practice Standards of Magistrate Judge Scott T. Varholak, and FRCP 37(a)(1), I certify that I have in good faith conferred with and attempted to confer with opposing counsel about the subject of this motion on multiple occasions, in an attempt to obtain the requested relief without court action. Those efforts are detailed in the motion and have been unsuccessful.

/s/ Ryan R. C. Hicks