# Exhibit B

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br>Court Address:<br>1437 Bannock Street, Rm 256, Denver, CO, 80202<br>**Plaintiff(s)** DREAM FINDERS HOMES LLC<br>v.<br>**Defendant(s)** WEYERHAEUSER NR CO | DATE FILED: October 30, 2018 2:22 PM<br>CASE NUMBER: 2017CV34801<br><br>⚠ **COURT USE ONLY** ⚠<br>Case Number: 2017CV34801<br>Division: 424     Courtroom: |
| **Order: (Proposed) Stipulated Protective Order (also filed on behalf of Defendant Weyerhaeuser NR Company) (w/attach to doc)** | |

The motion/proposed order attached hereto: SO ORDERED.

Issue Date: 10/30/2018

*[signature: Mart Egen]*

MARTIN FOSTER EGELHOFF
District Court Judge

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 Bannock Street, Rm. 256<br>Denver, CO 80202<br>720-865-8301 | |
| | ▲ **COURT USE ONLY** ▲ |
| Plaintiff:<br><br>DREAM FINDERS HOMES, LLC, a Florida limited liability company,<br><br>v.<br><br>Defendant:<br><br>WEYERHAEUSER NR COMPANY, a Washington corporation. | Case No.  2017cv34801<br><br>Division: 24<br><br>Courtroom:  424 |
| **STIPULATED PROTECTIVE ORDER** | |

**Proceedings and Information Governed.**

1. This Order ("Protective Order") is made in accordance with the Colorado Rules of Civil Procedure.  It governs any document, information, or other things furnished by any party to any other party, including specifically any non-party who receives a subpoena in connection with the above-captioned litigation.

2. The information protected includes, but is not limited to: information exchanged under C.R.C.P. 26(a)(1); answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in the above-captioned litigation that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies,

excerpts, abstracts, analyses, summaries, descriptions, or other forms of written or recorded information containing, reflecting, or disclosing such information. The parties assert the disclosure of such information outside the scope of the above-captioned litigation could result in significant injury to one or more of the parties' business or privacy interests. The parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information and Confidential Attorney Eyes Only Information except as set forth herein.

3. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery. Designations under this Protective Order shall be made with care and with a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a producing party's attention that designated material does not qualify for protection or does not qualify for the level of protection initially asserted, the producing party must promptly notify all other parties who received the designated material that the producing party is withdrawing or changing the designation.

**Designation and Maintenance of Information.**

4. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the producing party asserts that the designated information constitutes or is comprised of trade secrets or business or commercial information that is not publicly known and is or may be of technical or commercial advantage to its possessor or constitutes other information required by law or agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only" designation means that the designated information is comprised of information that the producing party deems especially sensitive and which may include, but is not limited to,

confidential research and development, financial, technical, marketing, or other sensitive trade secret information, or any information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already rightfully in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

5. Documents and things produced during the course of the above-captioned litigation within the scope of paragraph 4(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**

6. Documents and things produced during the course of the above-captioned litigation within the scope of paragraph 4(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY INFORMATION**

7. A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of receipt of the deposition transcript to designate, in writing to the other parties and

to the court reporter, whether the transcript, or any portion thereof, is to be designated as Confidential Information or Confidential Attorney Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorney Eyes Only Information, unless the disclosing party consents in writing to less confidential treatment of the transcript), the entire deposition will be considered devoid of Confidential Information or Confidential Attorney Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

8. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential or privileged at a later date in writing and with particularity. The information must be treated by the receiving party as confidential or privileged, as appropriate, from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

9.      A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether it will change the designation. If the parties are unable to reach agreement after the expiration of ten (10) business days from receipt of such a challenge notice, the receiving party may, at any time thereafter, file a motion seeking an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

10.     Confidential Information or Confidential Attorney Eyes Only Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in this paragraph 10 or paragraph 11 below for any purpose whatsoever other than in the above-captioned litigation, including any appeal thereof. Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) the parties to the above-captioned litigation and/or their current or former officers, directors, employees, and agents who are required in good faith to provide assistance in the conduct of the above-captioned litigation, including any settlement discussions; (b) in-house counsel; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal

5

clerks, private photocopying services; (e) experts or consultants retained by the parties or counsel and those employed by or working with said experts, provided such persons described in this section (e) execute the attached Exhibit A: Confidentiality Agreement; (f) the Court, jury and court personnel; (g) any mediator who is assigned to serve in connection with the above-captioned litigation, and his or her staff; (h) any persons requested by counsel to furnish services such as document coding, forensic analysis, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (i) any other person with the prior written consent of the producing party.

11.     Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b) in-house counsel; (c) supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (d) experts or consultants, provided such persons described in this section (d) execute the attached Exhibit A: Confidentiality Agreement; (e) the Court, jury and court personnel; (f) any mediator who is assigned to serve in connection with the above-captioned litigation, and his or her staff; (g) stenographic reporters employed by any party; and (h) any other person with the prior written consent of the producing party.

12.     Under the terms of this Protective Order outside counsel for the receiving party may discuss documents labeled "Confidential Attorney Eyes Only Information" with the receiving party only for the purpose of preparing the receiving party for testimony at a deposition, hearing,

6

or at trial. In doing so, outside counsel may not disclose the physical document or any specific contents of the physical document to the receiving party.

13. Nothing in this Protective Order shall restrict in any way a producing party's use or disclosure of its own Confidential Information or Confidential Attorney Eyes Only Information. Nothing in this Protective Order shall restrict in any way the use or disclosure of Confidential Information or Confidential Attorney Eyes Only Information: (a) with the consent of the producing party or (b) pursuant to an order of the Court.

14. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if: (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Colo. R. Civ. P. 30(b)(6); (b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or (c) counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the stenographic reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of the Confidential Information or Confidential Attorney Eyes Only Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Filing Documents with the Court.**

15. If any party wishes to submit Confidential Information to the Court; the filing party must submit the document via the Colorado Courts E-Filing system and designate the document

7

security level as "Suppressed."  If any party wishes to submit Confidential Attorney Eyes Only Information to the Court; the filing party must submit the document via the Colorado Courts E-Filing system and designate the document security level as "Sealed."

16. Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of the Above-Captioned Litigation.**

17. Within sixty (60) calendar days after final judgment in the above-captioned litigation, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement or otherwise, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party that this destruction or return has been completed.  However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

18. By entering this Protective Order and limiting the disclosure of information in the above-captioned litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's Confidential Information or Confidential Attorney Eyes Only Information must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed, prior to such disclosure.

**Remedies.**

19. Any party may petition the Court for relief from a term or condition of this Protective Order. Any term or condition of this Protective Order may be modified only upon a showing of good cause.

**Miscellaneous.**

20. Nothing in this Protective Order restricts the right of any person to seek its modification by the Court in the future. By stipulating to this Protective Order, the parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

21. The parties agree that the terms of this Protective Order shall survive and remain in effect after the final disposition of the above-captioned litigation, including exhaustion of all appeals. The Court shall retain jurisdiction after such final disposition to hear and resolve any disputes arising out of or relating to this Protective Order.

22. This Protective Order shall be binding upon the parties in the above-captioned litigation, their attorneys, successors, assigns, parents, subsidiaries, and any persons or organizations over which they have direct control. The parties in the above-captioned litigation expressly recognize and agree that this Protective Order (and the protections and procedures set forth herein) are likewise applicable to third parties who produce discovery materials and/or provide deposition testimony.

23. By stipulating to the entry of this Protective Order, no party waives any right the party otherwise would have to object to disclosing or producing any information or item. Similarly, no party waives any right to object on any ground to use in evidence of any of the information or items produced pursuant to this Protective Order. This Protective Order shall not constitute a waiver of the right of any party to claim in the above-captioned litigation or otherwise that any materials, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in the above-captioned litigation or any other proceeding.

24. Notwithstanding anything to the contrary herein, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular materials are confidential, which level of confidentiality may be appropriate, whether disclosure should be restricted, and if so, what restrictions should apply. Moreover, nothing herein shall alter or change in any way the discovery provisions of the Colorado Rules of Civil Procedure or the Court's own rules and/or orders.

Stipulated to this 29th day of October, 2018 by:

| HOLLAND & KNIGHT LLP | PERKINS COIE, LLP |
|---|---|

 */s/ Maxwell N. Shaffer*   /s/ *Daniel Graham*
Maxwell N. Shaffer          Michael A. Sink
Thomas D. Leland            Craig M. J. Allely
Joshua H. Roberts           Daniel Graham
Peter P. Hargitai
Laura B. Renstrom           *Attorneys for Defendant Weyerhaeuser NR Company*

*Attorneys for Plaintiff Dream Finders Homes, LLC*

SO ORDERED this _____ day of _____, 2018.

_____
DISTRICT COURT JUDGE

Attachment to Order - 2017CV34801

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 Bannock Street, Rm. 256<br>Denver, CO 80202<br>720-865-8301 | |
| | ▲ **COURT USE ONLY** ▲ |
| Plaintiff:<br><br>DREAM FINDERS HOMES, LLC, a Florida limited liability company,<br><br>v.<br><br>Defendant:<br><br>WEYERHAEUSER NR COMPANY, a Washington corporation. | Case No.  2017cv34801<br><br>Division: 24<br><br>Courtroom:  424 |
| **EXHIBIT A: CONFIDENTIALITY AGREEMENT** | |

I hereby affirm that:

1. Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Stipulated Protective Order, is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order.

2. I have been given a copy of and have read the Stipulated Protective Order.

3. I am familiar with the terms of the Stipulated Protective Order, and I agree to comply with and to be bound by its terms.

4. I agree to submit to the jurisdiction of this Court for purposes of enforcement of the Stipulated Protective Order only and for no other purpose.

5. I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Stipulated Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Stipulated Protective Order, without the express written consent of the party who designated the information as confidential or by order of the Court.

6. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Stipulated Protective Order and of its binding effect on them and me.

7. I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in the above-captioned litigation, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date