# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02230-PAB-MEH

JANET CHI, individually and on behalf of minor child, J.C.,
DAVID CHI, individually and on behalf of minor child, J.C.,
WEN-CHENG CHI,
SHIU-SHIA WU,
SHASHI RAJYAGOR, individually and on behalf of minor children, A.R. and S.R.,
DIVYESH RAJYAGOR, individually and on behalf of minor children, A.R. and S.R.,
NEAL LOY,
BRIENNE LOY,
ANTERIO KITTRELL, and
JOELLA KITTRELL,

      Plaintiffs,

v.

WEYERHAEUSER COMPANY,

      Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

## I.     PURPOSES AND LIMITATIONS

A.     Plaintiffs and Defendant Weyerhaeuser Company, in the above-captioned action (the "Litigation"), contemplate that disclosure and discovery activity in the Litigation are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the Litigation may be warranted.

B.     Specifically, Plaintiffs and Weyerhaeuser (each referred to individually as a "Party," and collectively as "Parties") wish to exchange information, which may include non-

public Confidential Information or Highly Confidential - Attorney Eyes Only Information, as defined herein, pursuant to certain procedures set forth herein that will, among other things: protect the Parties from disclosure of their respective Confidential Information or Highly Confidential - Attorney Eyes Only Information, including in order to: i) protect the trade secrets and other proprietary and competitively sensitive information belonging to Weyerhaeuser; ii) prevent the use or disclosure of Confidential Information or Highly Confidential - Attorney Eyes Only Information beyond the limited purposes enumerated herein; and iii) allow the Parties to share Confidential Information or Highly Confidential - Attorney Eyes Only Information in order to further their respective mutual interests in resolving their disputes in this Litigation.

C.      The Parties stipulate to and petition the Court to enter this Stipulated Protective Order ("Order") in the Litigation to facilitate the discovery process by protecting against the unauthorized disclosure of confidential materials.

D.      The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II.      SCOPE AND APPLICATION OF STIPULATED PROTECTIVE ORDER

A.      This Order shall govern any non-public and confidential document, information, physical object, or other material belonging to the Producing Party, that is produced by the Producing Party and designated by the Producing Party as containing "Confidential Information" or "Highly Confidential - Attorney Eyes Only Information" as defined herein, in connection with

this Litigation. The Producing Party and the Receiving Party agree to be bound by this Order regardless of whether the Receiving Party is a party to the Litigation or an Additional Client.

## III.   DEFINITIONS

A.   <u>Additional Clients</u>. "Additional Clients" shall mean any additional individuals and family members who have retained The Nelson Law Firm and who purchased or have agreed to purchase, and/or have lived in homes that have or had the Affected Joists installed in them.

B.   <u>Affected Joists</u>. "Affected Joists" shall mean the TJI® Joists with Flak Jacket®Protection that were manufactured between December 2016 and June 2017.

C.   <u>Confidential Information</u>. "Confidential Information" shall mean and include, without limitation, any non-public and confidential information belonging to the Producing Party that is produced or made available by the Producing Party to the Receiving Party that concerns or relates to private, confidential and proprietary information, including but not limited to: (a) personally identifiable information such as Plaintiffs or Additional Clients' addresses and other personal identifying information, except where authorized by the Plaintiff or Additional Client; (b) confidential medical information, financial information or employment information of the Plaintiffs or Additional Clients; (c) trade secrets; (d) non-public commercial, financial, pricing, budgeting and/or accounting information of Weyerhaeuser; (e) non-public information about Weyerhaeuser's existing and potential customers; (f) Weyerhaeuser's non-public marketing studies, performance, projections and testing; (g) Weyerhaeuser's non-public business strategies, decisions and/or negotiations; (h) Weyerhaeuser's non-public technical data and information; and (i) Weyerhaeuser's non-public and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom it has had business relationships.

The Parties assert that for the categories of information they produce there is good cause for confidential treatment because such information derives value from not being publicly known, and public disclosure of such information may lead to serious and unwarranted injury. Such information may also be protected by privileges recognized in the Federal Rules of Evidence, common law, and statutory privacy protections.

D.      <u>Designating Party</u>.  "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential Information" or "Highly Confidential - Attorney Eyes Only."

E.      <u>Disclosure or Discovery Material</u>.  "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

F.      <u>Documents</u>.  As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, emails, video tapes, audio tapes, compact discs, electronically stored information, electronic messages, other data compilations from which information can be obtained and other tangible things provided by the Parties. The term shall be interpreted broadly to reach the full scope of material listed in Fed. R. Civ. P. 34(a).

G.      <u>Highly Confidential - Attorney Eyes Only</u>.  "Highly Confidential - Attorney Eyes Only Information" shall mean and include, without limitation, any non-public and confidential information belonging to the Producing Party that is produced or made available by the Producing Party to the Receiving Party that constitutes, contains or reveals information that derives value from not being publicly known, and public disclosure of such information may

lead to serious and unwarranted injury, including but not limited to: (a) the Producing Party's trade secrets or confidential proprietary information, including product formulas and chemistry and confidential technical data and information; (b) the Producing Party's non-public and confidential financial, pricing, budgeting, accounting, and/or sales information; (c) any proprietary and non-public information that affords the Producing Party an actual or potential economic advantage over others; (d) Weyerhaeuser's non-public personnel compensation, evaluations and other employment information; and (e) the Producing Party's information that is voluntarily produced to any other Party solely for purposes of the Parties' settlement discussions, which is designated as settlement-related material and subject to Fed. R. Evid. 408, including, without limitation, information of the Parties' respective consultants or consulting experts in this regard. Such information may also be protected by privileges recognized in the Federal Rules of Evidence and statutory privacy protections, and the production of such information may facilitate the Parties' settlement discussions.

H.      <u>Non-Party</u>.  "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

I.      <u>Producing Party</u>.  "Producing Party" shall mean a Party or Non-Party that produces Disclosure or Discovery Material in this action.

J.      <u>Protected Material</u>. "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "Confidential Information" or "Highly Confidential - Attorney Eyes Only."

K.      <u>Receiving Party</u>. "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

L.      <u>Remediation</u>. As used herein, the term "remediation" refers to Weyerhaeuser's current work with builders and homeowners to implement remediation solutions to address the Affected Joists.

## IV.     INITIAL DESIGNATION

A.      <u>Good Faith Claims</u>. Claims of confidentiality will be made only with respect to documents, other tangible things, electronically stored information, and information that the asserting Party has a good faith belief are within the definitions of Confidential Information and/or Highly Confidential - Attorneys Eyes Only.

B.      <u>Document Designations</u>. A Party producing documents that it believes constitute or contain Confidential Information or Highly Confidential - Attorney Eyes Only Information shall produce copies bearing a label that contains or includes language substantially identical to the following:

| CONFIDENTIAL INFORMATION |
| --- |
| HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY INFORMATION |

The load file accompanying any documents that are designated as Confidential or Highly Confidential-Attorneys Eyes Only Information shall also indicate what confidentiality designation, if any, has been applied to the documents.

C.      <u>Marking Documents</u>. The label shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  If any person or Party makes copies of documents that were provided to them by the Producing Party and that were designated as containing Confidential Information or Highly Confidential - Attorney Eyes Only Information, the copying person or Party shall mark each such copy as containing Confidential Information or

Highly Confidential - Attorney Eyes Only Information in the same form as the notice on the original document.

      D.   <u>Marking Data Storage Devices</u>.  A Party producing documents that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVDs, video tapes and audio tapes (collectively, "data storage devices") shall designate the data storage device as containing Confidential Information or Highly Confidential - Attorney Eyes Only Information, by affixing a label or stamp to the data storage device in the manner described above at the time copies of such data storage devices are produced by the Producing Party. If the Receiving Party or other persons or entities to whom disclosure is authorized pursuant to VI.A makes a copy of any data storage device designated by the Producing Party as containing Confidential Information or Highly Confidential - Attorney Eyes Only Information, the Receiving Party or other authorized person shall mark each such copy as containing Confidential Information or Highly Confidential - Attorney Eyes Only Information in the same or substantially similar form as the notice on the original data storage device produced. If the Receiving Party or other authorized person prints or otherwise makes copies of the documents or information stored on such data storage device, the Receiving Party or other authorized person shall mark each page so copied with the label or stamp specified in IV.B.

      E.   <u>Multipage Documents</u>.  A Party must designate all pages of an integrated, multipage document as Confidential Information or Highly Confidential - Attorney Eyes Only Information by placing the label specified in IV.B on the first page of the document and all successive pages, and by so indicating for the load file accompanying all such documents.

   F. <u>Testimony Designations</u>.  For testimony given in deposition, the Designating

Party shall identify on the record, before the close of the deposition, all protected testimony.

When it is impractical to identify separately each portion of testimony that is entitled to

protection and it appears that substantial portions of the testimony may qualify for protection, the

Designating Party may invoke on the record (before the deposition is concluded) a right to have

up to 14 days from the date of receiving the deposition transcript to identify the specific portions

of the testimony as to which protection is sought.  Only those portions of the testimony that are

appropriately designated for protection within the 14 days shall be covered by the provisions of

this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 14 days

after receiving the deposition transcript if that period is properly invoked, that the entire

transcript shall be treated as Confidential Information or Highly Confidential - Attorney Eyes

Only Information.  Parties shall give the other parties notice if they reasonably expect a

deposition to include Protected Material so that the other parties can ensure that only authorized

individuals who have, where required, signed the Acknowledgment (Exhibit A) are present at

those proceedings.  The use of a document as an exhibit at a deposition shall not in any way

affect its designation as Confidential Information or Highly Confidential - Attorney Eyes Only

Information.  Deposition transcripts containing Protected Material shall have an obvious legend

on the title page that the transcript contains Protected Material, and the title page shall be

followed by a list of all pages (including line numbers as appropriate) that have been designated

as Protected Material.  The Designating Party shall inform the court reporter of these

requirements at the deposition or up to 14 days after receiving the deposition transcript if that

period is properly invoked. Any transcript that is prepared before the expiration of a 14-day

period for designation shall be treated during that period as if it had been designated Confidential

Information or Highly Confidential - Attorney Eyes Only Information in its entirety unless

otherwise agreed. After the expiration of that period, the transcript shall be treated only as

actually designated.

G.    <u>Designations by Another Party</u>. Third parties (e.g., a subpoenaed party or a third

party producing documents voluntarily) may be provided a copy of this Order and may be

Producing Parties under this Order.

H.    <u>Custody</u>. All Confidential Information or Highly Confidential - Attorney Eyes

Only Information and any and all copies, extracts and summaries thereof, including memoranda

relating thereto, shall be retained by the Receiving Party in the custody of persons to whom

disclosure is authorized under VI.A.

## V.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

A.    Any Party may object to the designation of particular "Highly Confidential" or

"Confidential" information by giving written notice to the Producing Party. The written notice

shall identify the information to which the objection is made. If the Parties cannot resolve the

objection within five (5) business days after the time the notice is received, it shall be the

obligation of the Producing Party to file an appropriate motion, within five (5) business days of

the expiration of the aforementioned five-day conferral/resolution period, requesting that the

Court determine whether the disputed information should be subject to the terms of this Order. If

such a motion is timely filed, the disputed information shall be treated as "Highly Confidential"

or "Confidential" under the terms of this Order until the Court rules on the motion. If the

Producing Party fails to file such a motion within the prescribed time, the disputed information

shall lose its designation as "Highly Confidential" or "Confidential" and not be subject to this

Order. A failure of any Party to expressly challenge a designation at the time of the production

shall not constitute a waiver.

## VI.   HANDLING OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY INFORMATION

A.   <u>Authorized Disclosures</u>. Confidential Information shall be disclosed by the

Receiving Party only to the following persons:

a.   Counsel for the Parties, including their Counsel's employees, contractors, and vendors;

b.   Non-testifying consultants and testifying expert witnesses, and their respective employees, contractors, and vendors;

c.   Named Parties to the Actions;

d.   Additional Clients who have entered into written retention agreements with Plaintiffs' Counsel;

e.   Designated in-house counsel and their assistants, administrative or otherwise;

f.   Outside vendors employed by counsel for the Parties for copying, scanning, electronic discovery, and general handling of documents;

g.   Mediators and their staff; if mediation is agreed to by all parties in writing;

h.   The Court and its personnel;

i.   Deposition court reporters and their staff who have signed the Acknowledgement;

j.   During, or in preparation for, their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Acknowledgment; and

k.   The Receiving Party's insurance carrier or carrier(s) and their counsel to the extent reasonably related to any actual or potential coverage in connection with this Litigation.

Highly Confidential - Attorney Eyes Only Information shall be disclosed by the Receiving Party only to the persons listed in VI.A(a), (b), (e), (f), (g), (h), (i), (j), and (k).

B.     <u>Acknowledgement of Stipulated Protective Order</u>.  Confidential Information or Highly Confidential - Attorney Eyes Only Information may not be disclosed to persons under VI.A(b) or (g) until the Receiving Party has obtained a written acknowledgment from the person receiving Confidential Information, in the form attached as Exhibit A hereto, that he or she has received a copy of this Order and has agreed to be bound by it. The Receiving Party shall retain all such written acknowledgments until the conclusion of the Litigation.

C.     <u>Disclosure to Competitors</u>. Confidential Information or Highly Confidential - Attorney Eyes Only Information may not be disclosed to any competitor (or an employee of a competitor) of the Producing Party. For purposes of this Order, "competitor" is defined as any person or entity that designs, manufactures, assembles or supplies products to or for the market(s) served by the Producing Party ("competitive products") or components of competitive products. This Paragraph is not intended to preclude Plaintiffs' Counsel's use or retention of experts or consultants. If there is a question concerning this paragraph, the Parties shall meet and confer and attempt to resolve it.

D.     <u>Unauthorized Disclosures</u>. If Confidential Information or Highly Confidential - Attorney Eyes Only Information is disclosed to any person other than in the manner authorized by this Order, the Party or person responsible for the disclosure, and any other Party or person who is bound by this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the Producing Party. Without prejudice to other rights and remedies of the Producing Party, the responsible Party or person shall make every effort to obtain the

return of the Confidential Information or Highly Confidential - Attorney Eyes Only Information

and to prevent further disclosure on its own part or on the part of the person who was the

unauthorized recipient of such information.

## VII.    INJUNCTIVE RELIEF

A.    It is agreed that injunctive relief is an appropriate remedy for the Court to

consider to prevent, limit or remediate any use or disclosure of Confidential Information or

Highly Confidential - Attorney Eyes Only Information in violation of this Order.

## VIII.    CARE IN STORAGE

A.    Any person in possession of Confidential Information or Highly Confidential -

Attorney Eyes Only Information produced by another Party shall exercise reasonable and

appropriate care with regard to the storage, custody, copying, and use of the Confidential

Information or Highly Confidential - Attorney Eyes Only Information to ensure that the

confidential and sensitive nature of same is maintained.

## IX.    INADVERTENT FAILURE TO DESIGNATE AS CONFIDENTIAL OR HIGHLY
CONFIDENTIAL

A.    The inadvertent and/or unintentional failure by the Producing Party to designate

any non-public and confidential information belonging to the Producing Party as Confidential or

Highly Confidential - Attorney Eyes Only Information in accordance with this Order shall not be

deemed a waiver in whole, or in part, of the Producing Party's claim of confidentiality with

respect to that information. Any such information shall be treated as Confidential Information or

Highly Confidential - Attorney Eyes Only Information by the Receiving Party as soon as the

Receiving Party receives written notice from the Producing Party that the information should be

assigned the designation of Confidential Information or Highly Confidential - Attorney Eyes

Only Information, and such information shall thereafter be treated as Confidential Information or

Highly Confidential - Attorney Eyes Only Information subject to this Order.

## X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.      The terms of this Order are applicable to information produced by a Non-Party in

this action and designated as "Confidential Information" or "Highly Confidential - Attorney Eyes

Only." Such information produced by Non-Parties in connection with this Litigation is protected

by the remedies and relief provided by this Order. Nothing in these provisions should be

construed as prohibiting a Non-Party from seeking additional protections.

B.      In the event that a Party is requested to produce a Non-Party's confidential

information in its possession, and the Party is subject to an agreement with the Non-Party not to

produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or

all of the information requested is subject to a confidentiality agreement with a Non- Party;

2.      promptly provide the Non-Party with a copy of the Order in this Litigation, the

relevant discovery request(s), and a reasonably specific description of the information requested;

and

3.      make the information requested available for inspection by the Non-Party.

C.      If the Non-Party fails to object or seek a protective order from this Court within

14 days of receiving the notice and accompanying information, the Receiving Party may produce

the Non-Party's confidential information responsive to the discovery request, subject to any

other objections the Receiving Party may have. If the Non-Party timely seeks a protective order,

the Receiving Party shall not produce any information in its possession or control that is subject

to the confidentiality agreement with the Non-Party before a determination by the court. However, in the event that a Non-Party seeks a protective order, the Receiving Party must also meet and confer with the requesting party regarding any objections to producing the material other than those related to the agreement with the Non-Party not to produce and, in the event those objections are not resolved, shall seek to present those objections to the Court for resolution at the same time as the Non-Party's request for a protective order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## XI.    INADVERTENT DISCLOSURE OF PRIVILEGED DOCUMENTS OR INFORMATION

A.    <u>Inadvertently Produced Document</u>. For purposes of Section XI of this Order, an "Inadvertently Produced Document" is a document produced to a Party that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege.

B.    <u>No Waiver of Privileges or Rights</u>. Notwithstanding anything to the contrary herein, this Order is subject to the Federal Rules of Evidence, including, but not limited to, Fed. R. Evid. 502.

C.    <u>Notice of Inadvertently Produced Document</u>. A Producing Party may demand the return of any Inadvertently Produced Document, which demand shall be made to the Receiving Party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document, and the grounds for the asserted privilege. The Producing Party may then provide notice of the inadvertent disclosure to the Receiving Party.

D. <u>Response to Inadvertently Produced Document</u>. Immediately upon receiving such notice, the Receiving Party shall make no further use of the alleged privileged material, and shall immediately segregate it in a manner that will prevent further disclosure or dissemination of its contents. Within five (5) business days of receiving such notice, the Receiving Party shall destroy or return to the Producing Party such material and all copies thereof, provided that the Receiving Party may follow the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) and may thereafter move the Court for an order that the material in question is not protected from discovery by the asserted privilege or immunity, in which case the Receiving Party may keep a segregated copy of such materials to present to the Court for *in camera* review. If the Receiving Party does not move the Court for such an order within twenty-one (21) days of receiving such notice, it will destroy or return any remaining copies of such materials.

## XII.    FILING PROTECTED MATERIAL

A.    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Protected Material may be filed only as a "restricted document" pursuant to D.C.COLO.L.CivR 7.2(e). Pursuant to D.C.COLO.L.CivR 7.2(c) & (e), after any Protected Material is filed as a "restricted document," the Designating Party shall, within fourteen (14) days after the filing, file a Motion to Restrict Public Access to the Protected Material. As provided by D.C.COLO.L.CivR 7.2(e), "[i]f no motion to restrict is filed within such time period, the restriction shall expire and the document shall be open to public inspection."

## XIII.   HANDLING UPON CONCLUSION OF THE LITIGATION

A.      All Parties, counsel, and persons to whom disclosure was made shall either return all Confidential Information and Highly Confidential - Attorney Eyes Only Information to the Producing Party or destroy said Confidential Information or Highly Confidential - Attorney Eyes Only Information within 90 days of the conclusion of the Litigation, whether it concludes by settlement, release, or some other means. If a Party, counsel or person to whom disclosure was made chooses to destroy the Confidential Information or Highly Confidential - Attorney Eyes Only Information, they shall transmit a signed certification that all such materials were destroyed to the Producing Party. Notwithstanding this paragraph, Counsel for the Parties may retain all pleadings and all attorney work product. The Parties shall also contact each person to whom that Party has provided a copy of any Confidential Information or Highly Confidential - Attorney Eyes Only Information and request the documents be returned or destroyed (with a certification as set forth above).

## XIV.   NO OBLIGATION TO DISCLOSE

A.      The Parties recognize that this Order does not obligate any Party to disclose any document, physical object or any other information to any other party.

## XV.   INDEPENDENT DISCOVERY

A.      This Order does not apply to: (a) any public information; or (b) any information that any Party owns or lawfully possesses or obtains through his/her/its own investigation or other means (i.e., not from the Producing Party). Restated, this Order applies only to Confidential Information or Highly Confidential - Attorney Eyes Only Information that is produced by a Producing Party to another party that does not already have the information or that

does not independently later discover the information from another source in a lawful fashion. If the Producing Party produces information that falls into the above categories, then the Receiving Party may provide the Producing Party with said information independently obtained or possessed and notify the Producing Party that the Receiving Party will no longer treat that information as Confidential Information or Highly Confidential - Attorney Eyes Only Information.

## XVI.   GOVERNING LAW AND ENFORCEMENT

A.       This Order shall be interpreted in accordance with the laws of the State of Washington, without regard to its conflict of laws rules.

## XVII.  OTHER PROCEEDINGS

A.       By entering this Order and limiting the disclosure of information in this Litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated Confidential Information or Highly Confidential - Attorney Eyes Only Information pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## XVIII. NO WAIVER

A.       By entering into this Stipulated Protective Order, the Parties expressly do not waive any rights or defenses in the Litigation and reserve all rights. For the avoidance of doubt, nothing contained herein nor the entry of this Order should be deemed to constitute a waiver of any right to compel arbitration.

IT IS SO ORDERED, this 14th day of March, 2018, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| **The Nelson Law Firm, LLC** | **PERKINS COIE LLP** |
|---|---|
| By: *s/ Mark W. Nelson* | By: *s/ Craig M. J. Allely* |
| Mark W. Nelson, #27095 | Craig M. J. Allely, #17546 |
| mark@nelsonlawfirm.net | CAllely@perkinscoie.com |
| Wyatt M. Cox, #46679 | Alexander H. Bailey, #45219 |
| wyatt@nelsonlawfirm.net | ABailey@perkinscoie.com |
| Colleen S. Nelson, #36942 | Daniel Graham, #45185 |
| colleen@nelsonlawfirm.net | DGraham@perkinscoie.com |
| 1740 High Street | 1900 Sixteenth Street, Suite 1400 |
| Denver, CO  80218 | Denver, CO  80202-5255 |
| Telephone: 303.861.0750 | Telephone:  303.291.2300 |
| Facsimile: 303.861.0751 | Facsimile:  303.291.2400 |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANT |

**DECLARATION OF** _____ **REGARDING**
**STIPULATED PROTECTIVE ORDER**

The below signed individual hereby declares that:

1.      I have received a copy of the Stipulated Protective Order ("Order") executed by

Weyerhaeuser and Plaintiffs in connection with *Chi et al. v. Weyerhaeuser Company*, No. 17-cv-

02230-PAB-MEH, pending in the United States District Court for the District of Colorado.

2.      I have read, understand and agree to comply with the provisions of the Order, and

will not reveal or otherwise communicate to anyone any of the documents, materials or

information that is designated "Confidential Information" or "Highly Confidential - Attorney

Eyes Only Information" and that is disclosed to me, except in accordance with the terms of the

Order.  I further agree not to make use of any documents, information or materials designated as

Confidential Information or Highly Confidential - Attorney Eyes Only Information pursuant to

the Order other than for the purpose of the Litigation or negotiations related to the Litigation or

Remediation.

3.      I will hold in confidence and not disclose to anyone, other than the persons

entitled to receive such information under VI.A of the Order, all documents, information and

other materials designated as Confidential Information or Highly Confidential - Attorney Eyes

Only Information (including summaries, notes, abstracts, indices or copies of such Confidential

Information or Highly Confidential - Attorney Eyes Only Information) that is disclosed to me.

4.      I agree to destroy or return to counsel of record not later than ninety (90) days

after the termination of the Litigation all Confidential Information or Highly Confidential -

Attorney Eyes Only Information and summaries, notes, abstracts, indices or copies of such

Confidential Information or Highly Confidential - Attorney Eyes Only Information, which come

into my possession, and documents or things which I have prepared that incorporate the

Confidential Information or Highly Confidential - Attorneys Eyes Only Information.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated _____, 2018.

                                     _____

                                     (Signature)

                                     _____

                                     Printed Name

                                     _____

                                     Address Line 1

                                     _____

                                     Address Line 2

**DECLARATION OF** _____ **REGARDING**
**STIPULATED PROTECTIVE ORDER**

The below signed individual hereby declares that:

1.      I have received a copy of the Stipulated Protective Order ("Order") executed by
Weyerhaeuser and Plaintiffs in connection with *Chi et al. v. Weyerhaeuser Company*, No. 17-cv-
02230-PAB-MEH, pending in the United States District Court for the District of Colorado.

2.      I have read, understand and agree to comply with the provisions of the Order, and
will not reveal or otherwise communicate to anyone any of the documents, materials or
information that is designated "Confidential Information" or "Highly Confidential - Attorney
Eyes Only Information" and that is disclosed to me, except in accordance with the terms of the
Order.  I further agree not to make use of any documents, information or materials designated as
Confidential Information or Highly Confidential - Attorney Eyes Only Information pursuant to
the Order other than for the purpose of the Litigation or negotiations related to the Litigation or
Remediation.

3.      I will hold in confidence and not disclose to anyone, other than the persons
entitled to receive such information under VI.A of the Order, all documents, information and
other materials designated as Confidential Information or Highly Confidential - Attorney Eyes
Only Information (including summaries, notes, abstracts, indices or copies of such Confidential
Information or Highly Confidential - Attorney Eyes Only Information) that is disclosed to me.

4.      I agree to destroy or return to counsel of record not later than ninety (90) days
after the termination of the Litigation all Confidential Information or Highly Confidential -
Attorney Eyes Only Information and summaries, notes, abstracts, indices or copies of such
Confidential Information or Highly Confidential - Attorney Eyes Only Information, which come

into my possession, and documents or things which I have prepared that incorporate the

Confidential Information or Highly Confidential - Attorneys Eyes Only Information.

   I declare under penalty of perjury that the foregoing is true and correct.

Dated _____, 2018.

         _____

         (Signature)


         _____

         Printed Name

         _____

         Address Line 1

         _____

         Address Line 2