# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-01641-CMA-STV

DOUG BARRY,
MICHAEL KIERNAN,
PAUL MOLER,
NICHOLAS SOOTER,
LINDA SPUEHLER, and
DENNIS MAUSER,

      Plaintiffs,

v.

WEYERHAEUSER COMPANY,

      Defendant.

---

**DEFENDANT WEYERHAEUSER COMPANY'S AMENDED OPPOSITION TO
PLAINTIFFS' MOTION FOR CONTEMPT AND MOTION FOR SANCTIONS**

---

Plaintiffs' motion for contempt and sanctions (Doc. 80) is premature, is completely void of merit, and should be denied because, contrary to Plaintiffs' contention, Weyerhaeuser is in compliance with the *entirety* of the Court's order issued on June 17, 2019, which consist of both the Court's oral ruling at the June 17, 2019 discovery conference and the Court's subsequent written order issued later that day. In filing their contempt motion, Plaintiffs attempt to parse the Court's June 17 written order to their favor, but they ignore the acknowledged constraints of the protective orders that are implicated, which the Court noted when issuing its June 17 order. Because Weyerhaeuser has made good-faith efforts to comply with the Court's June 17 order to produce the deposition transcripts in question, while also complying with the protective orders that impose restrictions on the production of those transcripts, Plaintiffs' motion should be denied.

This opposition brief is supported by the Declaration of Christopher J. Sutton ("Sutton Decl.") and the exhibits attached thereto, which is filed contemporaneously herewith.

<h3 align="center">PRELIMINARY STATEMENT</h3>

Plaintiffs are correct that, on June 17, 2019, this Court ordered Weyerhaeuser to "produce the deposition[] [transcripts] requested in [Plaintiffs'] Request for Production No. 11 on or before July 8, 2019." (Doc. 78). However, the Court *also* acknowledged during the June 17 discovery conference that those deposition transcripts are subject to certain protective orders entered in other proceedings and that, as a result, this Court lacked authority to amend those orders. Consequently, the Court directed Weyerhaeuser to produce the transcripts <u>in compliance with the governing protective orders</u>. Sutton Decl., Exhibit A, Transcript of 6/17/19 discovery conference, at 20:6 - 24:1). These protective orders each contain a provision prohibiting the parties from producing confidential documents to an unauthorized person or entity, and to do so would require either obtaining "prior written consent of the producing party," (*id.* at Exhibit B, Dream Finders Protective Order, ¶ 10), or obtaining written consent from the parties in the case to make changes to the Authorized Persons list, which controls who may receive documents identified as confidential under the protective order. (*Id.* at Exhibits C and D, Chi and Gilchrist Protective Orders, at 10). The deposition transcripts in question have all been marked Confidential under the terms of the applicable protective order. Therefore, obtaining the required prior written consent of relevant parties is necessary before Weyerhaeuser can authorize release of the transcripts to Plaintiffs' counsel.

Weyerhaeuser communicated to Plaintiffs' counsel that it was seeking written consent from opposing counsel in the three unrelated cases for which Plaintiffs' counsel sought deposition

145026740.3

transcripts. Weyerhaeuser received the necessary written consent for two cases on July 11, 2019, at which time Weyerhaeuser promptly notified the court reporter in those cases that it was authorized to release the transcripts in those cases to Plaintiffs' counsel. Weyerhaeuser also notified Plaintiffs' counsel on that same date that Plaintiffs' counsel was free to obtain copies of the transcripts in question from the court reporter. However, to this day, Plaintiffs' counsel has failed to do so. As to written consent in the one remaining case at issue, Weyerhaeuser is still awaiting written consent from opposing counsel to release the subject transcripts. As soon as written consent is received in that case, Weyerhaeuser will authorize the release of the deposition transcripts to Plaintiffs' counsel. As Plaintiffs' motion noted, Weyerhaeuser produced one deposition transcript prior to Plaintiffs' deposition of Frank Cereghini.[1] In addition, Plaintiffs request that the Court order that Jack Winterowd be deposed in Houston, Texas, no later than September 1, 2019. However, Mr. Winterowd is located in Seattle, WA, and is not a Weyerhaeuser employee. Further, Plaintiffs' counsel unilaterally canceled the deposition of Mr. Winterowd that had been confirmed for July 17. Mr. Winterowd should not, therefore, be required to appear for a deposition in Houston.

Plaintiffs' counsel is well-aware of the requirement for prior written consent to release the confidential deposition transcripts because Plaintiffs' counsel was provided with a copy of the governing protective orders and was required to sign a written acknowledgement that he had reviewed the orders and would abide by their terms when receiving the deposition transcripts in

---

[1] In their moving papers, Plaintiffs note that Weyerhaeuser produced the prior deposition of Frank Cereghini before his deposition was taken by Plaintiffs' counsel. This transcript was produced as a courtesy to Plaintiffs' counsel but, technically, it was produced in violation of the governing protective order, as it was subject to the same production restrictions noted above and was not produced with written consent of opposing counsel in that case. However, opposing counsel's written consent has now been obtained, so any potential violation of the relevant protective order is now moot.

question. (Sutton Decl., ¶¶ 6-7, Exhibits E and F, Acknowledgement of protective orders signed by Plaintiffs' counsel). By filing a motion for contempt, Plaintiffs' counsel is asking this Court to punish Weyerhaeuser for complying with the relevant protective orders as Weyerhaeuser tries to comply with Plaintiffs' discovery request seeking production of these transcripts. This is in clear contradiction to the Court's express direction given during the June 17 discovery conference.  As a result, Plaintiffs' motion is frivolous and should be denied.

**ARGUMENT**

**1.  Weyerhaeuser has dutifully complied with the Court's order to produce the deposition transcripts within the restrictions of the protective orders**

At the hearing on June 17, this Court ordered Weyerhaeuser to produce the deposition transcripts but also acknowledged the limitations on production due to the protective orders in the other cases. In one instance, the Court stated that it "cannot … modify the protective order in the other cases or order the defendants to violate the protective order in the other cases." (Sutton Decl., Transcript of 6/17/19 discovery conference (Doc. 79) at 20:6-9). The Court continued, clarifying its order: "So to the extent that there is no exception [in the protective orders for a judicial order], then I'm not making any ruling on whether — on what defendants and plaintiff need to do in that situation." (*Id.* at 20:10-13). Weyerhaeuser understood this as direction by the Court to produce the transcripts while also complying with the governing protective orders.

The protective orders in question each require that advanced written approval be given if confidential documents are to be produced to a person or entity that is not previously authorized to receive information marked confidential under the terms of the protective orders. (Sutton Decl., Exhibit B, Dream Finders Protective Order, ¶ 10, requiring "prior written consent of the producing party"; Exhibits C and D, Chi and Gilchrist Protective Orders, at 10, limiting production to an

Authorized Person list, an agreement that would require written consent to amend). The deposition transcripts at issue here have been marked confidential under the terms of these protective orders.

Since the June 17 discovery hearing, Weyerhaeuser has sought to obtain written approval from opposing counsel in the other unrelated matters. Weyerhaeuser could not control when opposing counsel would provide their approval, if at all, but Weyerhaeuser did keep Plaintiffs' counsel informed as to the status of any written consent it received in this regard. Finally, on July 11, 2019, consent was received for two of the three cases for which depositions had been sought. Weyerhaeuser promptly notified the court reporter that the deposition transcripts could be released to Plaintiffs' counsel and then notified Plaintiffs' counsel that the transcripts were available to him for purchase from the court reporter. This course of action is consistent with the Court's observation and instructions given at the June 17 discovery hearing as it relates to the limitations that exist in the relevant protection orders on Weyerhaeuser's ability to produce these transcripts. Weyerhaeuser has dutifully attempted to fully comply with the Court's order in light of the constraints that the Court itself observed exist, and Weyerhaeuser is on course to make all of the requested transcripts available to Plaintiffs' counsel as promptly as possible.

2.  **Weyerhaeuser should not be responsible for paying the costs for the transcripts or obtaining the transcripts when they are equally accessible to Plaintiffs as they are to Weyerhaeuser**

As noted, Plaintiffs' counsel has had access to the deposition transcripts for two of the three cases for which it requested production, namely, the *Chi* and *Gilchrist* cases, since July 11, 2019. Yet, to date, Plaintiffs have failed to request these transcripts from the court reporter, who possesses the full transcripts with accompanying exhibits and related documents (Weyerhaeuser is only in possession of incomplete copies of the transcripts). Weyerhaeuser has given approval to

- 5 -

the court reporter to release *all* versions of the transcripts and exhibits related to those transcripts, as well as the accompanying errata sheets and signature pages.[2] This includes nine transcripts in various versions (constituting up to 1,668 pages of testimony) and 161 exhibits (constituting 1,312 pages of exhibits). All of these are available to Plaintiffs' counsel, who could order them at the same cost and speed as Weyerhaeuser. Astonishingly, it appears that Plaintiffs expect Weyerhaeuser not only to determine what version of the transcripts it would like and whether or not to include the exhibits, but also to foot the bill for obtaining these transcripts. Such a demand is simply unreasonable, particularly since production of such a voluminous document set is no small expense.

Because these documents are equally accessible for the same cost to Plaintiffs' counsel as they are to Weyerhaeuser, it should not be Weyerhaeuser's burden to determine what specifically Plaintiffs' counsel is hoping to obtain and also pay for the cost of preparation of those documents by the court reporter.

**3. Plaintiffs' motion is frivolous because Plaintiffs knew the requirements of the protective orders and knew that the Court had acknowledged the restrictions imposed by those orders, and yet moved for contempt despite Weyerhaeuser's attempt to comply with both the Court's order and those protective orders.**

At the hearing on June 17, 2019, the Court explicitly addressed the binding nature of the protective orders and the Court's lack of authority to amend them. In addition, Plaintiffs have been in possession of the protective orders and, on July 8, 2019, acknowledged awareness of the terms of the orders and agreed to be bound by them. Plaintiffs were aware that Weyerhaeuser was working to obtain permission to produce the transcripts but was restricted from doing so until it

---

[2] This was approved after Plaintiffs' counsel signed the protective order in the *Gilchrist* and *Chi* cases, agreeing to be bound by their terms.

145026740.3

had received written consent from opposing counsel. Despite all this, Plaintiffs moved for contempt and sanctions upon Weyerhaeuser, a motion Plaintiffs knew was patently frivolous in light of the Court's instruction.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Contempt and Motion for Sanctions should be denied.

DATED this 18th day of July, 2019          Respectfully submitted,

**PERKINS COIE LLP**

By: s/ *Christopher J. Sutton*
      Christopher J. Sutton
      CSutton@perkinscoie.com
      Craig M. J. Allely
      CAllely@perkinscoie.com
      Marcus Haggard
      MHaggard@perkinscoie.com
      1900 Sixteenth Street, Suite 1400
      Denver, CO  80202-5255
      Telephone:  303.291.2300
      Facsimile:  303.291.2400

ATTORNEYS FOR DEFENDANT
WEYERHAEUSER COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 18, 2019, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification of the filing to the following:

- **Craig M.J. Allely**
  callely@perkinscoie.com,callely-efile@perkinscoie.com

- **Kyle Geoffrey Bates**
  kbates@schneiderwallace.com,3005202420@filings.docketbird.com

- **Marcus Aaron Haggard**
  MHaggard@perkinscoie.com,MHaggard-efile@perkinscoie.com

- **Ryan Hicks**
  rhicks@schneiderwallace.com,eharris@schneiderwallace.com

- **Abigail Michelle Laudick**
  alaudick@schneiderwallace.com,amlaudick@gmail.com

*s/ Christopher J. Sutton*
Christopher J. Sutton
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Telephone:  (303) 291-2300
Facsimile:  (303) 291-2400
Email: CSutton@perkinscoie.com

ATTORNEYS FOR DEFENDANT
WEYERHAEUSER COMPANY

145026740.3